UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES TAUL,

                Plaintiff,                Case No. 1:11-cv-843

v.                                  Honorable Janet T. Neff

TRI COUNTY METRO NARCOTICS,

                Defendant.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his complaint in the Eastern District of Michigan and it was transferred to this Court on August 11, 2011. On September 9 and October 26, 2011, Plaintiff filed an amended complaint and a second amended complaint with this Court, respectively.[1] The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

---

[1]Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course ... before being served with a responsive pleading." Plaintiff filed his first amended complaint (docket #13) on September 9, 2011. Therefore, Plaintiff must seek leave of the Court or the opposing parties' written consent for any further amendments. Fed. R. Civ. P. 15(a)(2). "The court should freely grant leave when justice so requires." *Id.* Because it appears that Plaintiff filed a second amended complaint (docket #17) to clarify his facts and claims, this Court will construe his second amended complaint as a motion to file a second amended complaint and grant Plaintiff's motion.

The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's second amended complaint will be dismissed as frivolous.

## Factual Allegations

Plaintiff presently is incarcerated at the Ryan Correctional Facility.  In his *pro se* second amended complaint, Plaintiff sues Tri County Metro Narcotics[2] (TCM).

Because Plaintiff's complaint is very difficult to follow, it is set forth below (verbatim):

Tri County Metro Narcotic was investigating Larry Steed for trafficking cocaine from about 1976 thru 1980.

During this time, the plaintiff, his brother and the plaintiff's mother resided with Larry Steed.

During this time, the plaintiff's mother, Lummie Taul, was Mr. Steed's live-in girlfriend.  They were committing welfare fraud.

During this time, there was a drug raid conducted at the residence on Armstrong in Lansing, Michigan; the plaintiff was present in the home.

During this time, the plaintiff made a domestic violence call from a neighbor's house on Armstrong to the Lansing Police Department; said assault was against the plaintiff's mother from Mr. Steed.  Afterwards, the family moved to a residence on Dobbie Rd. in Okemous, Michigan.

---

[2]The Tri County Metro Narcotics Squad (TCM) is a task force created to enforce narcotics and controlled substance laws in Michigan.  TCM is made up of various law enforcement agencies, including the sheriff's departments of Ingham, Easton, and Clinton counties, the Lansing Police Department, the East Lansing Police Department, the Michigan Department of State Police, the Lansing Township Police Department, and the Lansing office of the Federal Bureau of Investigation.  The participating police agencies assign officers to TCM, and those officers operate under the direction of the Michigan State Police.  *See Manuel v. Gill*, 753 N.W.2d 48, 51 n.1 (Mich. 2008) (holding that TCM is a juridical agency subject to suit and not a state agency).

During Tri County Metro's ongoing investigation Larry Steed overdosed at the new residence on Dobbie Rd. in Okemous, Michigan.

There had to be an Emergency Room Discharge Report regarding Mr. Steed's overdose at the family's Dobbie Rd. residence in Okemous, Michigan.

During Tri County Metro's investigation there was a violent knife assault against plaintiff's mother, Lummie Taul, from Mr. Steed at the Dobbie Rd. residence in Okemous, Michigan; said assault required surgery.

During their investigation the plaintiff was behind in his class while attending Okemous Little School and residing with Mr. Steed at the Dobbie Rd. residence in Okemous, Michigan.

Due to Tri County Metro's ongoing investigation Mr. Steed was arrested again for trafficking cocaine while residing at the family's Dobbie Rd. residence in Okemous, Michigan while on bond.

Larry Steed made bond for an unknown amount.

Due to Tri County's ongoing investigation Larry Steed was arrested again for Trafficking 650 grams of cocaine while residing at the family's Dobbie Rd. Residence in Okemous, Michigan while on bond.

A short time later, the plaintiff found his mother nearly decapitated with three dozen wounds to the chest, etc., while coming home from school at 10-years old.

As a result of Tri County Metro's failure to file a report with the Family Independence Agency of Ingham County or their failure to investigate such a report of suspected abuse or neglect in violation of MCL 722.623(A) the plaintiff also suffered ongoing emotional and mental abuse to include, some physical and sexual abuse causing lifetime disablement due to Major Depression and Severe/Chronic PTSD (Post Traumatic Stress Disorder).

(Second Am. Compl., docket #17, Page ID##176-77.)

Plaintiff alleges that TCM failed to report suspected child abuse or neglect to the Family Independence Agency[3] in violation of MICH. COMP. LAWS § 722.623(1)(a). Plaintiff argues that TCM violated his equal protection and due process rights. Plaintiff also complains that TCM

---

[3]The Family Independence Agency is now the Department of Human Services. *See In re Beck,* 793 N.W.2d 562, 567 n.7 (Mich. 2010).

and other unnamed agencies and people conspired against him by failing to act in accordance with MICH. COMP. LAWS § 722.623.  Further, Plaintiff states that TCM acted negligently in Plaintiff's case.

For relief, Plaintiff requests damages.

## Discussion

I.    Statute of Limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985).  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  Accrual of the claim for relief, however, is a question of federal law.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[4]  Determining when a plaintiff should have known of his injury "is an objective standard based on an examination of the surrounding circumstances. . . . [A] plaintiff's cause of action accrues when, on the basis of objective facts, the plaintiff should have known of an injury, even if a subjective belief regarding the injury occurs at a later date."  *Moll v. Abbott Labs*., 506 N.W.2d 816, 818 (Mich. 2002).  In addition, Michigan law "compels strict adherence" to the

---

[4]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990.  The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute.  *Id.* at 382.

general rule that "subsequent damages do not give rise to a new cause of action.  The discovery rule applies to the discovery of an injury, not to the discovery of a later realized consequence of the injury."  *Id.*  (citing *Larson v. Johns-Manville Sales Corp.*, 399 N.W.2d 1, 7 (Mich. 1986)).

Plaintiff asserts claims arising from 1976 to 1980.  Plaintiff had reason to know of the "harms" done to him at the time they occurred.  Hence, his claims accrued between 1976 and 1980.  However, he did not file his complaint until August 2011, well past Michigan's three-year limit.  Plaintiff argues that he suffers from major depression and severe/chronic post traumatic stress disorder (PTSD) because of emotional, mental, physical and sexual abuse.  Michigan law tolls the running of the statute of limitations "if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues."  MICH. COMP. LAWS § 600.5851(1).  Plaintiff was born on September 13, 1969;[5] hence he turned eleven years old in 1980.  According to MICH. COMP. LAWS § 600.5851(1), Plaintiff's action was tolled until he turned 18 years old in 1987.  Thereafter, Plaintiff had one year, or until 1988, to bring this action.  *See* MICH. COMP. LAWS § 600.5851(1).  Plaintiff did not bring this action until twenty-three years later.

Plaintiff, however, argues that his major depression and PTSD tolled the statute of limitations.  Plaintiff essentially contends that the statute of limitations is tolled due to his insanity.  If a person is insane at the time that a claim accrues, he may bring an action within one year after the disability has lifted.  MICH. COMP. LAWS § 600.5851(1).  MICH. COMP. LAWS § 600.5851(2) defines "insane" as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane."  The Sixth Circuit has held that major

---

[5]The Court obtained Plaintiff's birth date from the Michigan Department of Corrections' website at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber+218952.

depression, by itself, is insufficient to establish an unsound mind for purposes of tolling the statute of limitations.  *See Bittner v. Wilkinson*, 19 F. App'x 310, 312 (6th Cir. 2001) (applying Ohio law).  Moreover, Plaintiff's PTSD does not toll the statute of limitations.  Although two courts have determined that a person suffering from PTSD may toll the Michigan statute of limitations, those cases have dealt with repressed memory along with corroborative evidence of the abuse.  *See Nicolette v. Carey*, 751 F. Supp. 695, 699-700 (W.D. Mich. 1990) (finding that Michigan statute of limitations was tolled due to the sexually abused daughter's condition of repression and dissociation from PTSD along with corroborative evidence of the abuse) and *Meiers-Post v. Schafer,* 427 N.W.2d 606, 610 (Mich. Ct. App. 1988) (finding that the repressed memory of a plaintiff along with corroborative evidence of the abuse can toll the statute of limitations).  The Michigan Supreme Court has since held that repressed memories cannot toll the statute of limitations under the discovery rules or under MICH. COMP. LAWS § 600.5851(1) for persons disabled by insanity.  *See Lemmerman v. Fealk*, 534 N.W.2d 695, 704 (Mich. 1995).  The *Lemmerman* court, citing *Nicolette*, 751 F. Supp. at 699-700, and *Meiers-Post,* 427 N.W.2d at 610, noted that it was not addressing repressed memory cases wherein long delayed sexual assault actions were allowed to survive summary disposition because of the defendant's admission of sexual contact with the plaintiff when they were minors.  "Such express and unequivocal admissions take these cases outside the arena of stale, unverifiable claims with which we are concerned in the present case."  *Lemmerman*, 534 N.W.2d at 703 n.15.  Because Plaintiff does not even allege that he has suffered from a repressed memory, his action is not analogous to the cases of *Nicolette*, 751 F. Supp. at 699-700, and *Meiers-Post,* 427 N.W.2d at 610.  Accordingly, Plaintiff's major depression and PTSD do not toll the statute of limitations.

Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* MICH. COMP. LAWS § 600.5851(9).  Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate.  *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000).  Accordingly, Plaintiff's action must be dismissed as frivolous.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment and Order consistent with this Opinion will be entered.


Dated: November 17, 2011                /s/ Janet T. Neff_____
                                        Janet T. Neff
                                        United States District Judge